(March 28, 2006)

■ ROBERT ALESE et al., Appellants, v GJF CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GCM METAL INDUSTRIES, Third-Party

Defendant-Respondent. [810 NYS2d 921]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 20, 2004, as, upon reargument, granted that branch of the third-party defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, which previously had been denied in an order dated January 14, 2004.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and upon reargument, the prior determination in the order dated January 14, 2004, denying that branch of the third-party defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, is adhered to.

On the record before us, there is insufficient evidence on which we can determine whether the injured plaintiff has or does not have a Labor Law § 240 (1) cause of action. Accordingly, the third-party defendant failed to make a prima facie showing of entitlement to judgment as a matter of law warranting dismissal of the plaintiffs' Labor Law § 240 (1) cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and upon reargument, the Supreme Court should have adhered to its original determination. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.